## DORSON DRAKE *against* JOHN WATSON.

MOTION for a new trial.

This was an action *qui tam*, for taking excessive usury.

The usury was alleged to have been taken of *James Bancraft*, on the 24th of *June*, 1805, for the loan, forbearance and giving day of payment to him and one *Thomas Bancraft*. The agreement, in pursuance of which the usury was alleged to have been taken, was thus stated: " It was corruptly agreed by and between the defendant and the said *James Bancraft*, on the 10th of *December*, 1804, and against the form and effect of the statute, that the defendant should and would forbear and give day of payment to said *James* and said *Thomas* for 200 dollars, then due and owing to the defendant from said *James* and said *Thomas*, by means of a certain promissory note, executed on the 24th of *May*, 1804, by said *James* as principal, and by said *Thomas* as surety, for 200 dollars, with interest, and made payable on the 24th of *September*, 1804, to *Samuel Bancraft*, jun. and by said *Samuel* assigned, on a discount of 30 dollars, to the defendant on or before said 10th of *December*, 1804, for the term of 74 days from said 10th of *December*, 1804 : and it was further corruptly agreed, by and between the defendant and said *James*, that in consideration of said 74 days' forbearance and day of payment of said 200 dollars, the said *James* should and would allow and give the defendant one dollar with and over and above the legal interest on said 200 dollars for every ten days during the said forbearance and day of payment of 74 days: and it was further corruptly agreed by and between the defendant and said *James*, on said 10th day of *December*, 1804, that said *James* should execute a certain promissory note to the defendant, for the sum of 7 dollars, with interest, with a condition or agree-

*In an action qui tam, for taking excessive usury, the declaration stated the taking to have been in pursuance of a loan of 200 dollars, by means of a promissory note, and the evidence was of a loan of 200 dollars and the interest thereon for more than six months : Held, that this was a material variance.*

*An amendment will not be allowed in an action qui tam, to recover the penalty for an offence, which, at the time of making the motion, is barred by the statute of limitations.*

June, 1809.

DRAKE
v.
WATSON.

ment thereto annexed, of the substance following, to wit: If said note of 200 dollars, with the interest thereon, was paid by said *James* to the defendant, within 10 days from said 10th of *December*, 1804, then said note of 7 dollars, with interest, so to be executed by said *James* to the defendant, was to be given up by the defendant, and nothing received on said note; but if said note of 200 dollars, with the interest thereon, was not paid by said *James* to the defendant, before the expiration of 10 days from the expiration of said 10th of *December*, 1804, then said note for 7 dollars, with interest, was to be given up to said *James* by the defendant, on his said *James* paying to the defendant the sum of one dollar, and so for every successive 10 days from said 10th of *December*, 1804, until the expiration of 74 days."

The defendant pleaded *not guilty;* and the cause came on for trial before the superior court, *September* term, 1808. The plaintiff, to support the allegations in his declaration, offered the testimony of *James Bancraft* to this effect: That he and *Thomas Bancraft* gave to *Samuel Bancraft*, jun. a promissory note of the tenor following, viz. " For value received, we severally and jointly promise to pay to *Samuel Bancraft*, jun. two hundred dollars, by the 24th day of *September* next, with interest till paid. *East Windsor*, *May* 24, 1804.

> " *James Bancraft*,
> " *Thomas Bancraft*."

This note was endorsed in blank by the payee to the defendant; and being unpaid, both principal and interest, on the 10th of *December*, 1804, the defendant called upon *James Bancraft* for payment, and declared that he should put the note in suit, unless it was paid. Being requested by *Bancraft* not to do this, the defendant proposed to him to pay a sum equal to what the costs on a suit would be, which the defendant computed to be 7 dollars, and then the defendant, in consideration thereof, would let the note lie 74 days. *Bancraft* thereupon

agreed, that he would give his note for 7 dollars, payable in 74 days, with interest. It was further agreed, that if the large note should be paid within 10 days, the defendant would take only the principal and interest of that note; if it should be unpaid over 10 days, and be paid within 20 days, *Bancraft* should pay one dollar on the small note; and if it should be unpaid over 20 days, and be paid within 30 days, two dollars; and at that rate for every successive 10 days, which it should remain unpaid, until the whole amount of the small note should be paid. *Bancraft* accordingly gave his note for 7 dollars, payable in 74 days, at the foot of which a memorandum was made of this agreement. The large note remained unpaid until after the expiration of the 74 days, *viz.* until the 12th of *March*, 1805, when it was paid with the interest thereon; and on the 24th of *June*, 1805, the small note was paid with the interest thereon.

The defendant objected to the admission of the evidence offered, on the ground of its variance from the declaration. The court rejected the evidence.

The plaintiff then moved for leave to amend his declaration, and to make the allegations therein conformable to the evidence thus offered and rejected, *viz.* to aver, that the agreement was, that the defendant should forbear and give day of payment for the amount of the large note, and the interest which had accrued on the 10th day of *December*, 1804. To the allowance of this motion the defendant objected, on the ground that the action was penal; and the statute of limitations had, since the date and service of the plaintiff's writ, attached upon the cause of action. The court were of opinion, that the declaration could not by law be amended, and refused the motion.

The jury found a verdict for the defendant; and the plaintiff moved for a new trial.

June, 1809.

DRAKE
v.
WATSON.

*Bradley* supported the decision of the court. He contended, that there was a variance between the declaration and the evidence offered, in two respects: First, the declaration states a loan of 200 dollars, for 74 days from the 10th of *December*, 1804, by means of a note dated *May* 24, 1804. The loan offered to be proved was the principal *and interest* of that note, amounting to 206 dollars and 52 cents. Secondly, the note stated in the declaration, on which forbearance and day of payment is alleged to have been given, is there alleged to have been executed by *James Bancraft* as principal, and *Thomas Bancraft* as surety. The evidence offered was, that it was their *joint and several* note.

It is essential that the amount of the loan should be truly stated. It is also essential, if the plaintiff describes the securities by which the loan is made, that he should describe them truly. *Bristow* v. *Wright, Doug.* 664. *Carlisle* v. *Trears*, *Cowp.* 641. *Harris* v. *Hudson*, 4 *Esp.* 152. *Clark* v. *Moses, Kirby*, 143.

On the point of amendment, he contended, that the decision of the court was correct. All the objects of the statute would be frustrated, if, after it had attached, a case could be taken from its operation, by introducing it, by way of amendment, into an old suit. But whether it was proper to allow the amendment or not, was a matter of *discretion* with the court; and therefore does not form a proper subject of a motion for a new trial.

*Ingersoll* and *Dwight*, for the plaintiff, contended, that the *forbearance* was on the *note*. The amount of the note was 200 dollars; and the agreement was to forbear the collection of *that*. The interest which had arisen previous to the usurious agreement was merely *incidental*, and would follow the fate of the note itself, but formed no part of the loan. The amount of the sum loaned, if the accumulating interest is to be considered as form-

ing a part of it, would be enlarging every moment; and, of course, could never be exactly ascertained.

As for the variance between the note described in the declaration and that offered in evidence, it is altogether immaterial. The averment only states a fact *not essential to the right of recovery*, nor to the form of pleading, *viz.* that one of the subscribers of the note signed in the character of *surety* for the other. This is true; although it need not have been averred. But being averred, it does not vitiate the declaration ; it is, at most, only surplusage; and of this opinion, it is understood, was the superior court.

The court below ought to have allowed the amendment. Penal actions are civil suits, and have been decided to be so, ever since the case of *Atcheson* v. *Everitt, Cowp.* 382. If so, they come directly within the letter of our statute.(*a*) Amendments in similar cases have frequently been allowed in England. The case of *Bearcroft* v. *Hundred of Burnham and Stone,* 3 *Lev.* 347. is directly in point. So is the case of *Cross* v. *Kaye,* 6 *Term Rep.* 543. The only ground on which an amendment has been refused there, is, that it would introduce a new charge, or that there has been unnecessary delay in the case; as was the fact in *Goff* v. *Popplewell,* 2 *Term Rep.* 707. and *Steel* v. *Sowerby,* 6 *Term Rep.* 171. There has been no unnecessary delay in the present case. The action has been brought to trial as early as the business of the court would permit. In the case in *Levinz,* and in *Cross* v. *Kaye,* the amendment was allowed, although the statute of limitations had attached.

BY THE COURT. This is an action *qui tam,* brought on the statute entitled " An act for restraining the taking of excessive usury."(*b*) There is a variance between

(*a*) *Stat. Conn.* tit. 2. c. 2.    (*b*) *Stat. Conn.* tit. 170.

the contract declared on and alleged to be usurious, and the contract offered to be proved on the trial. The evidence did not support the issue, and was with propriety rejected by the court.

A moiety of the forfeiture, if recovered, would belong to the public treasury; and where such is the case, the prosecution is limited to one year after the offence is committed.(a) More than one year, in this case, had elapsed, from the time of the supposed offence. The right of recovery on the statute was gone; and the plaintiff was not entitled to amend.

New trial not to be granted.

(a) *Stat. Conn.* tit. 101. c. 1. s. 1.